# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL BREWER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-1809 |
| | ) Judge Nora Barry Fischer |
| GEICO, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**I. INTRODUCTION**

Presently before the Court is Plaintiff's Motion to Remand, (Docket No. 6), and Defendant's Response thereto, (Docket No. 8). The Court heard argument on this Motion at the Telephonic Status Conference held on January 8, 2014 (Docket No. 9). Upon consideration of the parties' arguments, and for the following reasons, Plaintiff's Motion [6] is GRANTED.

**II. BACKGROUND**

This uninsured motorist coverage claim arises out of an incident that occurred on August 10, 2012. (Docket No. 1-2 at 4, ¶ 5). Plaintiff was driving his motorcycle in Monessen, PA, riding next to his friend Charles Bolden. (*Id.*). An unidentified driver pulled out from a cross-street in front of Plaintiff's motorcycle, forcing him to abruptly stop, which put Plaintiff's bike to the ground and caused him injuries. (*Id.*). At the time of this incident, Plaintiff was covered by an automobile insurance policy issued by Defendant Geico, including $15,000 of uninsured motorist coverage. (*Id.* at ¶¶ 3–4).

Plaintiff originally filed his Complaint on August 2, 2013 in the Court of Common Pleas

1

for Westmoreland County, at case number 13-CI-01407, seeking damages not in excess of $30,000. (*Id.* at 5). Regarding this demand, the Complaint states: "Your Plaintiff, Daniel Brewer, has made a demand for the policy limits in this matter and despite repeated demands the Defendant has refused." (*Id.*). The parties proceeded to arbitration. (Docket No. 6 at 3, ¶ 4). On October 22, 2013, an award was issued in Plaintiff's favor, which Plaintiff appealed on October 31, 2013. (*Id.*).

On December 6, 2013, Plaintiff filed his Amended Complaint in the Court of Common Pleas of Westmoreland County, adding a claim that Defendant acted in bad faith toward the insured, in violation of 42 PA. CONS. STAT. ANN. § 8371 (2013) ("the bad faith claim"). (Docket No. 1-3). In support of this claim, Plaintiff alleged that he had fully cooperated with Geico, but that Geico refused to pay on the claim until Plaintiff provided medical bills. (*Id.* at 3, ¶ 11). However, Plaintiff had not obtained formal medical treatment because he did not have medical insurance. (*Id.* at 4, ¶ 12). Plaintiff attempted to prove his injury by sending letters to Geico on March 7, 2013 and March 21, 2013 and providing photographs of the scars Plaintiff allegedly sustained from his injury. (*Id.*). Plaintiff averred that Defendant did not respond to these letters and further suggested that Geico's counsel "has attempted to assert that they are refusing to pay the claim because of some purported prejudice that they have had with respect to not being able to investigate the claim." (*Id.* at ¶ 15).Consequently, Plaintiff asserted that Defendant failed to fulfill its statutory obligation to promptly, fairly, and adequately investigate this claim." (*Id.* at 4–5, ¶¶ 17–18). Pursuant to this bad faith claim, Plaintiff requested damages, attorney's fees, costs, and punitive damages. (*Id.* at 5, ¶ 22).

Subsequently, a pre-trial conference was scheduled for January 2, 2014, and Plaintiff was to be deposed on December 27, 2013. (Docket No. 6 at 3, ¶ 6). However, on December 19, 2013,

Defendant removed this case to federal court. (Docket No. 1). On December 31, 2013, Plaintiff moved to remand, arguing, *inter alia*, that because Plaintiff is not seeking damages in excess of $75,000, this court lacks subject matter jurisdiction. (Docket No. 6 at 3–4, ¶ 8). Defendant argues in response that Plaintiff's potential recovery under the bad faith statutory cause of action may exceed $75,000. (Docket No. 8 at 1–2, ¶ 8).

Additionally, during this Court's Status Conference, Plaintiff's counsel averred that the Plaintiff would consent to filing a Stipulation that the combined award recovered by Plaintiff will not exceed $75,000. (Docket No. 9) Counsel averred that the policy limits restrict recovery for the breach of contract to $15,000, and represented as an officer of the court that Plaintiff is not seeking in excess of $60,000 as to the bad faith claim, inclusive of punitive damages, attorney's fees and costs, and any other recoverable damages. (*Id.*). However, counsel for Defendant stated that the Defendant will not consent to remand, noting that the federal court may be preferable because of the availability of a jury trial, which would not be available if this action is remanded. (*Id.*).

### III. LEGAL STANDARD

A civil action may be removed from state court to federal district court if the latter has original jurisdiction to hear the case. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil matters between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] 28 U.S.C. § 1332(a)(1). When removal is premised on diversity jurisdiction, "[t]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," unless the state "does not permit

---

[1] Both parties agree that diversity of citizenship exists in this case. (Docket No. 9). The only question, therefore, is whether the amount in controversy exceeds $75,000.

demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2). If state law permits recovery in excess of the amount demanded in the complaint, removal is proper if the defendant proves, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.*

In determining whether the amount in controversy exceeds $75,000, district courts must apply the "legal certainty" test the Third Circuit enunciated in *Samuel–Bassett v. Kia Motors*, 357 F.3d 392 (3d Cir. 2004). Under this standard, "[t]he case will be dismissed only if from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Id.* at 194 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (internal quotation marks omitted).

Courts must apply the legal certainty standard differently, however, depending on whether the complaint explicitly limits the damages sought to less than the jurisdictional amount. Recognizing that the plaintiff is the master of the case, the Third Circuit determined in *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006) that "a plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold." *Id.* at 474. Yet, even if a plaintiff states that her claims fall below the jurisdictional minimum, the "plaintiff's pleadings are not dispositive under the legal certainty test." *Id.* The district court must "look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." *Id.* at 475.

As the Third Circuit clarified in *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007), in cases where the complaint specifically limits the amount in controversy to less than the jurisdictional minimum, the party contesting remand bears a higher burden, and must prove to a

4

legal certainty that the amount in controversy exceeds the statutory threshold (i.e. the removing party must show it is legally certain the amount in dispute exceeds $75,000). *Id.* at 196. By contrast, in cases where the plaintiff has not expressly limited the amount in the complaint to less than the jurisdictional minimum, the case must still be remanded if it appears to a legal certainty that the plaintiff cannot recover $75,000. *Id.* at 195–97.

IV.    **DISCUSSION**

The parties' primary arguments go to whether the amount in controversy requirement has been satisfied to establish diversity jurisdiction.[2] To this end, Defendant asserts in its Response that removal was proper because "the parties are citizens of different states and the defendant has a good faith belief that the amount in controversy exceeds $75,000" based on the Amended Complaint's addition of the bad faith claim and related demand for punitive damages and attorney's fees. (Docket No. 8 at 1–2, ¶ 8). Beyond these statements that removal was proper, Defendant focuses entirely on whether the Court should give effect to the Plaintiff's proposed stipulation to a $75,000 cap on recovery. (*Id.*). On this point, Defendant argues forcefully that any post-removal stipulation should be disregarded because federal jurisdiction questions are answered by looking at the face of the complaint, and not at subsequent stipulations. (Docket

---

[2] Plaintiff raised two other arguments in its Motion. (Docket No. 6). First, it argued that this case should be remanded because removal was untimely. (Docket No. 6 at 4, ¶ 11). On this point, Defendant correctly notes that removal was timely because it was filed within thirty days of the Plaintiff's Amended Complaint (which Defendant avers constitutes "an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable," and the removal was within one year of the commencement of the action, as is required for cases removed on the basis of diversity jurisdiction. 28 U.S.C. § 1446(b)(3), (c)(1).

Second, Plaintiff argued in that the Court has discretion to remand this case pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a). (Docket No. 6 at 4). Defendant correctly responded that this Act is inapplicable to the case, because no declaratory judgment is requested. (Docket No. 8 at 2).

5

Nos. 8; 9). To this end, Defendant cites to case law and a law review article in support of its argument that any stipulation should have no legal significance. (*Id.*).

Given that this Court is one of limited jurisdiction, *Willy v. Coastal Corp.,* 503 U.S. 131, 136–37 (1992), it begins its analysis with the statutory requirements for removal. The United States Code sets out the following requirements for removal where subject matter jurisdiction is based on diversity of citizenship:

> **§ 1446. Procedure for removal of civil actions**
>
> \*\*\*
>
> **(c) Requirements; removal based on diversity of citizenship**
> **(1)** A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.
> **(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
> > **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks—
> > > **(i)** nonmonetary relief; or
> > > **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> > **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c) (2012). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). Additionally, the Court of Appeals for the Third Circuit has made clear that "[i]t is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all

stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). The district court must determine whether removal was proper at the time the case was removed. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).

Based on a reading of the statute in light of precedent demanding that the statute be construed in favor of remand, the Court notes that the preliminary question in deciding the Motion for Remand must be: has the Defendant met his burden of showing by a preponderance of the evidence that the amount in controversy exceeded $75,000 on the date the case was removed? 28 U.S.C. §§ 1332(a), 1446(c)(2)(B).

Defendant's arguments regarding whether the Court should bind the parties to Plaintiff's proposed stipulation side-step this question. In essence, Defendant urges the Court to assume that the amount in controversy exceeds $75,000 and that Plaintiff's stipulation is an agreement to forego part of this amount so that the case remains in state court. At the Telephonic Status Conference, counsel for Defendant characterized the stipulation as a tool

> to manipulate the system to get the case back into state court by saying "even though I filed a complaint in state court which would trigger the jurisdictional limitation, now I'm willing to stipulate to some lesser amount in order to avoid federal jurisdiction."

(Docket No. 9).

Even accepting Defendant's position about the proposed post-removal stipulation *arguendo*,[3] the Court must first decide whether the jurisdictional limitation has been triggered.

---

[3] The Defendant makes much of case law and scholarly work relating to the effect of post-removal stipulations. (Docket Nos. 8; 9). Initially, Defendant relies on *Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002) and *Angus v. Shiley, Inc.*, 989 F.2d 142 (3d Cir. 1993). In *Angus*, the court ruled that a post-removal stipulation that damages do not exceed the jurisdictional amount "has no legal significance because a plaintiff following removal cannot

7

Because the Amended Complaint makes an open-ended claim for damages in excess of $30,000, the requirements of § 1446(c)(2)(A)(ii) are satisfied. *Heffner v. LifeStar Response of New Jersey, Inc.*, 13-CV-00194, 2013 WL 5416164, at *4 (E.D. Pa. Sept. 27, 2013) Therefore, the burden was on the Defendant when it removed the case to show, pursuant to § 1446(c)(2)(B), that the amount in controversy exceeds $75,000. *See Frederico*, 507 F.3d at 193. If the amount in controversy requirement is not met, then the case must be remanded. *Id.* at 194. Additionally, the Court of Appeals for the Third Circuit requires that in cases of doubt, the trial court should remand the case. *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004) ("We repeat the admonition expressed in our case law that in order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand.").

In its Notice of Removal, Defendant stated as follows with respect to the amount in controversy:

---

destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." *Angus*, 989 F.2d at 145. In *Werwinski*, the court repeated *Angus*'s admonition that post-removal stipulations have no legal significance. *Werwinski*, 286 F.3d at 667.

However, the *Angus* court further noted that if "a complaint is ambiguous as to the damages asserted and the controversy seems small," then the trial court "*justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading.*" *Id.* at n.3 (emphasis added). The Court observes that this language could be applied to the instant case, in that Plaintiff's proposed stipulation could be read as a clarification of the demand set out in his Amended Complaint.

Defendant also cites to a law review article that reviews inconsistent case law concerning post-removal stipulations (including *Angus* and *Werwinski*), policy implications, and ultimately recommends that "courts should uniformly reject post-removal damage stipulations, and such stipulations should play no part in the amount in controversy determination." Benjamin T. Clark, *A Device Designed to Manipulate Diversity Jurisdiction: Why Courts Should Refuse to Recognize Post-Removal Damage Stipulations*, 58 OKLA. L. REV. 221, 248–49 (2005). The Court need not decide whether to adopt the sweeping rule recommended by this article, however, given the conclusion that the Court lacked subject matter jurisdiction based on the face of the Amended Complaint.

> [I]t is Defendant's good faith belief that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

(Docket No. 1 at 4(c)). Defendant does not explain how it calculated the amount in controversy beyond its assertion that the bad faith claim included in the Amended Complaint triggered federal jurisdiction. (Docket No. 8 at 2, ¶ 8). In this Court's estimation, an averment of good faith is not sufficient, without more, to show that removal was permitted under 28 U.S.C. § 1446(c)(2).

The Court cannot find that the preponderance of the evidence shows that the amount in controversy exceeds $75,000. In his initial Complaint, Plaintiff demanded an award not in excess of $30,000 for his contract claim, (*Id.* at 5, ¶ 9), but the Court notes that this reference to $30,000 was made pursuant to local rules, which mandate arbitration for all claims worth less than $30,000. *Westmoreland County Local Rules of Court*, Rule W1301(a). Plaintiff demanded only "the policy limits in this matter," (Docket No. 1-2 at 5, ¶ 9), meaning that the contract claim is worth, at most, $15,000. (Docket No. 1-2 at 6). Moreover, the Court takes note that Plaintiff appealed the arbitration award because he felt the award was too low, (Docket No. 9), suggesting that the contract claim may be worth well less than $15,000 policy limit demanded. The Amended Complaint adds a demand for damages, attorney's fees, costs, and punitive damages pursuant to the bad faith claim, but otherwise avers only that the demand exceeds the arbitration limit of $30,000. (Docket No. 1-3 at 5, ¶ 22); *Westmoreland County Local Rules of Court*, Rules W102, W1301. Again, the Court notes that the contract claim is worth only $15,000. (Docket No. 1-2 at 6). Defendant's arguments that removal is proper would require the Court to find that the bath faith damages demanded exceed $60,000, thereby taking the overall demand over the § 1331 threshold.

Defendant has not submitted evidence to support its belief, as averred in the Notice of Removal (Docket No. 1), regarding the amount in controversy. Defendant has put forth no evidence or averments regarding the extent of Plaintiff's asserted injuries, Plaintiff's counsel's hourly rates or the potential attorney's fees that may have accumulated, or case law in which similar plaintiffs were awarded bad faith damages exceeding $60,000. With respect to punitive damages, it is true that "a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 664 (W.D. Pa. 2012). On its face, however, this rule applies only where the burden of proving legal certainty falls on the plaintiff. Here, the burden falls on Defendant to show to a legal certainty that Plaintiff's Amended Complaint meets the amount in controversy. *Frederico*, 507 F.3d at 193.

Other courts in this Circuit have considered nearly identical claims made in similar cases, rejecting defendant automobile insurance companies' bare allegations that plaintiffs' bad faith claims bridged the gap between $10,000 or $15,000 insurance policies and the $75,000 threshold for federal jurisdiction, and remanding these cases. *See, e.g.*, *Chaparro v. State Farm Ins. Co.*, Civ A. No. 99–2063, 1999 WL 961035, at *4 (E.D. Pa. Oct. 12, 1999) (remanding case because a reasonable jury could not award punitive damages of $65,000 under § 8371 on plaintiffs' $10,000 insurance claim); *Singer v. State Farm Mut. Auto. Ins. Co.*, 785 F. Supp. 510, 512 (E.D. Pa. 1992) (finding that bare allegations of defendant's bad faith could not "sustain a punitive damage award of almost $45,000, necessary to bridge the jurisdictional gap"). Defendant has made no effort to demonstrate that the bad faith claim here even approaches $60,000, let alone is in excess of that sum. (Docket Nos. 8; 9). Therefore, the Court cannot find

that the jurisdictional limitation has been met. 28 U.S.C. § 1332(a). Given that removal was improper, the case should be remanded. *See Frederico*, 507 F.3d at 193.

Finally, the Court notes that remanding this case is not only required by statute, but will also have the effect of promoting the interests of comity and equity. In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the Supreme Court explained that remand sometimes promotes the values of convenience and comity. *Id.* at 353. Although our case differs from *Carnegie-Mellon* with respect to the bases asserted for federal jurisdiction and the effect of the removal statues, these equitable interests will nevertheless be promoted as a result of the Court's ruling. To that end, the Plaintiff in this case lives in Monessen, Pennsylvania, in Westmoreland County. (Docket No. 1-2 at 3, ¶ 1). Certainly, it will be more convenient for him to litigate this action in the state court located in his home county than in the federal court located in Allegheny County. Additionally, the parties had already begun litigating this case in the Westmoreland County Court of Common Pleas before it was removed. That court had scheduled a pretrial conference, and the Plaintiff was scheduled to be deposed. (Docket No. 6 at 3, ¶ 6). Finally, the bad faith claim involves a Pennsylvania statute. As this Court observed during the Status Conference, "state court judges are just as nimble in handling these motor vehicle accident cases with an alleged breach of contract and/or bad faith claim" as are federal judges. (Docket No. 9). *See also Allstate Prop. & Cas. Ins. Co. v. Owens*, CIV.A. 11-4, 2011 WL 94412, at * 1 (W.D. Pa. Jan. 11, 2011) (Fischer, J.) ("[T]he sole issue of insurance coverage in this case presents no federal question, nor promotes any federal interest. . . . This weighs heavily against the Court exercising jurisdiction.").

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand [6] will be GRANTED forthwith. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: January 22, 2014
cc/ecf: All counsel of record